UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-180-R

EDWARD DESROSIERS, et al.                                                                           PLAINTIFFS

v.

CITY OF PADUCAH, et al.                                                                              DEFENDANTS

**OPINION AND ORDER**

Plaintiffs have filed a motion to dismiss one count of Defendants' counter-claim (Dkt. # 10) for lack of subject matter jurisdiction. Defendants responded (Dkt. # 12), Plaintiffs replied (Dkt. # 13), and this matter is now ripe for adjudication. For the reasons given below, Plaintiffs' motion is **DENIED**.

**BACKGROUND**

Plaintiffs have filed a motion to dismiss Count II of the Defendant City of Paducah's ("City") counterclaim. Plaintiffs' complaint concerns various alleged rights and liabilities relating to property located on North 8th Street in Paducah. When Plaintiffs purchased the property, they purchased two separate lots: one with an address of 331-333 North 8th Street, and one with an address at 327-329 North 8th Street. Plaintiffs purchased the 331-333 North 8th Street property from Adventure Marine Services, Inc. by a deed executed on November 11, 2002; they purchased the 327-329 North 8th Street property on December 3, 2002 from the Urban Renewal and Community Development Agency of the City of Paducah. Approximately one year later, in November 2003, the property line between these two adjoining tracts of property was abolished with the consent of the DesRosiers. Plaintiffs now seek dismissal of the City of

1

Paducah's counterclaim relating to the property purchased from the City on grounds that it does not arise out of a nucleus of operative facts common to those relevant to their claim against the City. Therefore, even if the two properties retained separate street address designations, as a legal matter they were the same property, and the actions taken as to one were actions taken as to both. Therefore, the City's claims against the Plaintiffs derive from a common nucleus of operative facts - the course of dealing between the City and the Plaintiffs with regard to the development of the property - and are proper material for the Court's supplemental jurisdiction.

## DISCUSSION

Plaintiffs argue that supplemental jurisdiction over the City's counterclaim is inappropriate because it is not sufficiently related to Plaintiffs' federal law claims.  Pursuant to 28 U.S.C. § 1367(a), a federal district court has supplemental jurisdiction of claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  A state-law claim is so related if it "derive[s] from a common nucleus of operative facts," *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 454-455 (6th Cir. 1991) (*quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 17 L.Ed.2d 218 (1966)), and if the plaintiff "would ordinarily be expected to try [it and the federal-law claim] in one judicial proceeding." *Gibbs* at 725.

In this case, Plaintiffs argue that the property involved, which was purchased as two separate tracts of land, should be treated as two separate tracts of land for purposes of determining the nucleus of operative facts. However, the two tracts were consolidated by the Paducah Planning and Zoning Commission well before most of the actions in Plaintiff's complaint were allegedly taken by the City.  Therefore, for purposes of the legal issues in this

case, the two tracts were one property.  Further, the elements of the parties' claims are sufficiently related to demonstrate that their claims arise out of a common nucleus of operative facts.  Plaintiffs challenge the legality of the City's decision to raze the home located on the property, and the City challenges the Plaintiffs' failure to develop the property in accordance with the understanding of the parties at the time the property was deeded to the Plaintiffs.  Declaration of the rights of the various parties as to the property, then, properly encompasses all of the claims presented by the Plaintiffs and Defendants in this case.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**